# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANGEL TORRES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents*.

2:16-cv-00443-GMN-CWH

ORDER

This habeas matter comes before the Court on petitioner's letter to the Magistrate Judge, which has been docketed as a request or motion (ECF No. 17) for respondents to forward documents to petitioner.

Petitioner asserts that he has not received the service copies of respondents' filings in ECF Nos. 15 and 16. He seeks an opportunity to respond to both filings.

To expedite matters, the Court will direct the Clerk to send petitioner additional copies of those filings.

Petitioner should note the following, however.

First, petitioner should not combine multiple different motions together in a single filing as he did in his November 15, 2016, filing (ECF Nos. 13 and 14). Nor should he combine an opposition, traverse, or reply with other filings as he did in that filing. Combined filings risk confusion in docketing, which occurred in this instance.

Second, what petitioner filed within ECF Nos. 13 and 14 is not a traverse. Rule 5(e) of the Rules Governing Section 2254 Cases now provides that a petitioner may file a reply – not a traverse – to an answer. What petitioner filed, however, is not even a reply. A reply

is filed to an answer by the respondents, but respondents here instead filed a motion to dismiss. Petitioner's "traverse" thus instead in truth is a response or opposition to the motion to dismiss.

Third, petitioner may not respond to respondents' reply (ECF No. 15) to his opposition to their motion to dismiss without leave of court first obtained. Basically, under the rules, the party that files a motion gets the last word on the motion, in their reply. Local Rule LR 7-2 thus limits briefing on a motion to a supporting memorandum of points and authorities, a response by the adverse party, and a reply by the movant. Local Rule LR 7-2(b) further specifically provides in pertinent part: "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." If petitioner files a surreply without leave, the filing may be stricken. In all events, respondents will get the last word on their motion.

Fourth, petitioner may file a reply, however, to respondents' opposition to his motion for appointment of counsel. The Court will extend petitioner's time to file a reply.

Fifth, petitioner must present all requests for relief by motion rather than by letter. Requests presented in letters may be disregarded by the Court and Clerk.

IT THEREFORE IS ORDERED that petitioner's motion (ECF No. 17) for respondents to forward documents to petitioner is GRANTED IN PART to the extent consistent with the remaining provisions of this order.

IT FURTHER IS ORDERED that the Clerk of Court shall SEND petitioner another copy of ECF Nos. 15 and 16.

IT FURTHER IS ORDERED that the Clerk shall correct the docket to reflect that petitioner's November 15, 2016, filing includes a response to respondents' motion (ECF No. 10) to dismiss and that the Clerk further shall review the correctness of the docket entry for ECF No. 15.[1]

////

---

[1]The entry perhaps may need to cross-reference to ECF No. 10 rather than ECF No. 13.

IT FURTHER IS ORDERED that the time for petitioner to dispatch a reply to respondents' opposition to his motion for appointment of counsel is extended up to and including twenty-one (21) days from entry of this order.

DATED: December 29, 2016

_____
Gloria M. Navarro, Chief Judge
United States District Court

-3-