# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANGEL TORRES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents*.

2:16-cv-00443-GMN-CWH

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second motion (ECF No. 14) for appointment of counsel and second motion (ECF No. 13) for an evidentiary hearing.

    The Court reiterates its prior findings that the appointment of counsel is not warranted herein and that petitioner has failed to establish a basis for an evidentiary hearing. See ECF No. 7, at 1-2.

    The extensive argument presented in, *inter alia*, the current motions further confirms that petitioner has a more than adequate ability to articulate and present his position in this matter with the assistance and resources available to him.

    Petitioner maintains that appointment of counsel is necessary to obtain his sentencing transcripts. Respondents already have filed extensive state court record exhibits; they may file additional such exhibits with any answer filed;[1] and the Court in all events can direct

---

[1] Respondents represent that they have requested "either the transcript or the JAVS recording of TORRES' sentencing hearing." (ECF No. 16, at 2.)

respondents to file any additional record exhibits, including transcripts, as are necessary to resolve the issues presented herein. In short, the Court does not need to appoint counsel for petitioner to ensure that sufficient state court record exhibits are on file.

Petitioner further maintains that appointment of counsel is necessary for taking possible depositions, obtaining hospital records, and subpoenaing witnesses. Discovery is not allowed as a matter of course in federal habeas proceedings, and the Court has not ordered same as of this juncture. Further, on claims adjudicated on the merits by the state courts, federal court review in general is restricted to the record previously presented to the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170 (2011). The Court has ordered no evidentiary hearing in this matter.

In that latter vein, petitioner maintains that an evidentiary hearing is necessary on the merits of Grounds 1, 2, 4, 5, 9, 11 and 13. However, respondents currently are seeking dismissal of, *inter alia*, Grounds 1, 2, 4, 5, and 11, such that it has not been determined that the merits of these claims will be reached at this juncture. Moreover, again, as to claims adjudicated on the merits by the state courts, federal review generally is limited to the record before those courts at the time of the merits adjudication. *Pinholster*, *supra*.

The motions therefore will be denied on the showing and argument made. The Court again finds that the interests of justice do not require the appointment of counsel under 18 U.S.C. § 3006A and that an evidentiary hearing is not warranted herein.

The Court will reach respondents' pending motion to dismiss as promptly as its habeas docket allows.

IT THEREFORE IS ORDERED that petitioner's second motion (ECF No. 14) for appointment of counsel and second motion (ECF No. 13) for an evidentiary hearing both are DENIED.

DATED: September 28, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Court