UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANGEL TORRES,

                          Petitioner,

     v.

DWIGHT NEVEN, et al.,

                        Respondents.

Case No. 2:16-cv-00443-GMN-CWH

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on the respondents' motion to dismiss (ECF No. 10). Petitioner has opposed (ECF No. 19), and respondents have replied (ECF No. 15).

## I.     Background

Petitioner in this action challenges his conviction pursuant to a guilty plea of one count of second-degree kidnapping and one count of child abuse and neglect with substantial bodily harm. (ECF No. 8; Ex. 42).[1] Shortly after pleading guilty, petitioner moved to withdraw his plea. (Ex. 44). The trial court denied the motion after conducting a hearing. (Ex. 56). On August 29, 2013, petitioner was sentenced to a term of six to fifteen years on the kidnapping count and a concurrent term of eight to twenty years on the child abuse count. (Ex. 57). Judgment of conviction was

---

[1] The exhibits referenced in this order, which comprise the state court record, are located at ECF Nos. 11 and 12.

entered on September 6, 2013 (Ex. 58), and petitioner appealed (Ex. 59). While his direct appeal was pending, petitioner filed a state petition for writ of habeas corpus. (Ex. 70).

The Nevada Supreme Court affirmed petitioner's conviction on October 15, 2014, and remittitur issued on November 20, 2014. (Exs. 68 & 69).

On December 8, 2014, petitioner filed a second state habeas petition. (Ex. 77). On December 19, 2014, the district court ordered respondents to respond to the second petition. (Ex. 79). Respondents filed responses to both the first and second petitions on March 16, 2015. (Ex. 82).

On April 27, 2015, the district court entered an order denying petitioner's second petition on the grounds that it was successive and therefore barred by Nevada Revised Statutes § 34.810(2). (Ex. 88). On April 30, 2015, the district court entered an order denying petitioner's first state petition as procedurally barred pursuant to § 34.810(1)(a). (Ex. 87). The district court further found that petitioner's claims should have been raised on direct appeal, if at all. (*Id.*)

On September 16, 2015, the Nevada Court of Appeals affirmed the denial of both petitions. (Ex. 90). As to the first petition, the Court of Appeals held that the ineffective assistance of counsel claims therein lacked merit and that the remaining claims could have been, but were not, raised on direct appeal and therefore were barred pursuant to Nevada Revised Statutes § 34.810(1)(b). (*Id.*) As to the second petition, the Court of Appeals held that it was barred under Nevada Revised Statutes § 34.810(1)(b)(2) because the claims could have been raised in his prior habeas petition but were not. (*Id.*)

On February 8, 2016, petitioner mailed the instant federal habeas petition for filing with this Court. The petition asserts thirteen grounds for relief. Respondents move to dismiss the petition in part on the grounds that some of the claims are procedurally defaulted and others are not cognizable on federal habeas review.

## II.     Procedural Default

Respondents assert that Grounds 1 and 5 and Grounds 2, 3, 4, 7, 8, 10, 11 and 12 are procedurally defaulted.

2

## A. Standard

The court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

3

A. Grounds 1 and 5

Ground 1 of the petition asserts that the prosecutor violated petitioner's Fourteenth Amendment due process rights by harassing and threatening witnesses, petitioner's children specifically. (ECF No. 8 at 3-5).[2] Ground 5 of the petition asserts that the prosecution withheld one of the victim's medical records in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 8 at 14). The Nevada Court of Appeals held that both of these claims were procedurally barred pursuant to Nevada Revised Statutes § 34.810(1)(b) because they could have been, but were not, raised on direct appeal.[3] (Ex. 90 at 4). The Ninth Circuit has held that application of this bar is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

In order to overcome the default, petitioner must establish either actual innocence or cause and prejudice. Petitioner asserts that he can establish cause due to ineffective assistance of counsel. He does not assert that he is actually innocent.

To provide cause for a default, a petitioner's ineffective assistance of counsel claim must itself have been exhausted in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014). The only claim of ineffective assistance of appellate counsel raised by petitioner in his state court proceedings – in either the first or second habeas petition -- appears in Ground Eleven of the second petition. In Ground Eleven, petitioner asserts that counsel was ineffective for "failing to submit a complete and proper appeal package to the Nevada Supreme Court." (Ex. 77 at 32). In particular, petitioner argues that counsel knew at the time of the hearing on the motion to withdraw guilty plea that the "medical records" brought into court just before he changed his plea were not actually the victim's medical records, and that counsel "failed to make that part of the record for Supreme Court review." (*Id.*) On appeal, counsel had argued that petitioner did not knowingly and voluntarily enter his plea

---

[2] Page number citations refer to the CM/ECF generated number at the top of the page.
[3] Petitioner asserts that application of the bar was improper because the petition, having been filed prematurely before his appeal had been decided, was not properly before the court. However, "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). The Court therefore must assume that application of the bar was proper.

4

because the State did not provide the victim's medical records until just before he entered his guilty plea and thus he did not have a chance to review them adequately before entering his plea. (Ex. 66). Appellate counsel did not raise a *Brady* claim on direct appeal, and Ground Eleven of the second state petition does not assert that she should have. Accordingly, petitioner has not exhausted a claim that counsel was ineffective for failing to assert a *Brady* claim on appeal. An unexhausted allegation that appellate counsel was ineffective for failing to raise a *Brady* claim on appeal cannot therefore supply cause for the default Ground 5.

There is likewise no claim in either petition that counsel was ineffective for failing to raise on appeal a Fourteenth Amendment due process violation based on the State's alleged threatening and abuse of petitioner's children. While Grounds Seven and Eight of the second state habeas petition relate to the prosecutor's alleged harassment of petitioner's children, those grounds assert only that trial counsel was ineffective for failing to raise the harassment claims at the motion to withdraw plea hearing and at sentencing. (*See* Ex. 77 at 18-29). Ground 11 asserts that appellate counsel "failed to ensure that the testimony of Ramiro Torres, Rachel Torres, N___ and A___ be entered onto the record for Supreme Court review so that the Nevada Supreme Court could have made a well informed and appropriate legal ruling in the matter." (Ex. 77 at 32). This assertion, while possibly referring to the abuse allegation, is too vague to assert a claim that counsel should have argued the abuse claim on appeal, much less that counsel should have asserted the abuse claim in the context of violating petitioner's Fourteenth Amendment rights. Accordingly, petitioner has not exhausted any ineffective assistance of appellate counsel claim with respect to the failure to raise the substance of Ground 1 on appeal.

As the claims that appellate counsel was ineffective for failing to raise the substance of Grounds 1 and 5 on appeal have not been independently exhausted before the state courts, they cannot supply cause for the default of Grounds 1 and 5. Petitioner does not otherwise assert any other cause for the failure to raise Grounds 1 and 5 on direct appeal. Accordingly, the Court concludes that Grounds 1 and 5 are procedurally defaulted, and as petitioner has failed to establish cause and prejudice for the default, Grounds 1 and 5 must be dismissed.

B.  Grounds 2, 3, 4, 7, 8, 10, 11 and 12

Respondents argue that Grounds 2, 3, 4, 7, 8, 10, 11 and 12 are procedurally defaulted because they were exhausted only in the second state habeas petition, which the Nevada Court of Appeals found barred pursuant to Nevada Revised Statutes § 34.810(1)(b)(2).  Petitioner's response essentially challenges the adequacy of this bar as applied to his case because, he asserts, his second petition should have been considered an amended petition.

"To qualify as an 'adequate; procedural ground,' capable of barring federal habeas review, 'a state rule must be 'firmly established and regularly followed.'" *Johnson v. Lee*, -- U.S. --, 136 S. Ct., 1802, 1805 (2016).  The Court employs a burden-shifting procedure to determine whether a state law rule is adequate. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).  The state must first plead the existence of an adequate and independent state procedural ground as a defense. Once it has, "the burden to place that defense in issue shifts to the petitioner." *Id*.  "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.*  Once petitioner has done so, the burden shifts back to the state to demonstrate that the bar is adequate. *Id*.

Generally, § 34.810 is considered an independent and adequate state procedural bar for the purposes of finding federal procedural default.  However, petitioner has sufficiently challenged the bar's adequacy in this case.  It is unclear whether Nevada courts regularly apply this bar to a second petition filed before the first petition has been briefed or decided and whether this practice is firmly established.  Respondents have not provided the Court any argument or evidence on this point.  Because respondents bear the burden of establishing the adequacy of the bar under these circumstances, the Court cannot at this juncture conclude that Grounds 2, 3, 4, 7, 8, 10, 11 and 12 are procedurally defaulted.  The Court therefore denies without prejudice the motion to dismiss Grounds 2, 3, 4, 7, 8, 10, 11 and 12 without prejudice to renew such argument in the answer, along with any argument on the merits of petitioner's claims.

### III.    Cognizability

Respondents argue that Grounds 1, 7 and 12 are not cognizable in federal habeas proceedings.  As the Court has already concluded that Ground 1 must be dismissed as procedurally defaulted, it will address only Grounds 7 and 12.

#### A.  Ground 7

Ground 7 asserts that petitioner's constitutional right to equal protection of the law was violated because he was charged with child abuse but the prosecutor who abused his children was not.  (ECF No. 8 at 19).  Respondents assert that Ground 7 is not cognizable on federal habeas review because "[w]hether or not another person is prosecuted for an offense has no bearing on [petitioner's] conviction" and the claim is "at best . . . a civil rights violation."  (ECF No. 10 at 12).  The Court agrees that Ground 7, as plead, is not a cognizable claim.

An equal protection claim arises when similarly situated classes receive different treatment based on an impermissible motive, such as a discriminatory purpose or intent.  *See Christian Gospel Church v. City and County of San Francisco*, 896 F.2d 1221, 1225 (9th Cir. 1990); *United States v. Davis*, 36 F.3d 1424, 1432 (9th Cir.1994) ("To establish a prima facie case of selective prosecution, a defendant must show both (1) that others similarly situated have not been prosecuted, and (2) that the prosecution is based on an impermissible motive, i.e. discriminatory purpose or intent.").  Thus, under the Equal Protection Clause, a decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification."  *United States v. Armstrong*, 517 U.S. 456, 464 (1996).  Petitioner does not allege an impermissible motive for the difference in treatment or that similarly situated classes have received different treatment.  Nor, under the facts as alleged in the petition, could he.  Rather, the only allegation is that the prosecutor was not prosecuted while petitioner was.  This does not state an equal protection claim.  Ground 7 will therefore be dismissed.

#### B.  Ground 12

Ground 12 asserts that petitioner's Sixth Amendment right to a speedy trial was violated.  (ECF No. 8 at 36).  Respondents assert that Ground 12 asserts a claim under state law and that

state law violations are not cognizable on federal habeas review.  While the latter point is true, the former is not.  Ground 12 invokes petitioner's federal constitutional right to a speedy trial and thus states a claim that is cognizable in these habeas proceedings.  Accordingly, the motion to dismiss Ground 12 as noncognizable will be denied.

## IV.  Conclusion

In accordance with the foregoing, respondents' motion to dismiss (ECF No. 10) is GRANTED IN PART and DENIED IN PART as follows:

1. Grounds 1, 5 and 7 are dismissed with prejudice;

2. The motion to dismiss Ground 12 is denied; and

3. The motion to dismiss Grounds 2, 3, 4, 8, 10, 11 and 12 as procedurally defaulted is denied without prejudice.

IT IS FURTHER ORDERED that respondents file an answer to all remaining claims in the petition within thirty (30) days of the date of this order.  The answer must include substantive arguments on the merits as to each remaining ground in the petition, as well as any procedural defenses which may be applicable. In filing the amended answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that petitioner may file a reply within thirty (30) days of service of an answer.

IT IS FURTHER ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that

each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT IS FURTHER ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno Clerk's Office.

IT IS SO ORDERED.

DATED THIS __21__ day of __December__, 2017.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE