UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGEL TORRES, | Case No. 2:16-cv-00443-GMN-CWH |
| Petitioner, | |
| v. | ORDER |
| DWIGHT NEVEN, et al., | |
| Respondents. | |

This *pro se* habeas matter comes before the Court on petitioner's motion for leave to file a second amended petition (ECF No. 30). Respondents have opposed (ECF No. 33), and petitioner has replied (ECF No. 34).

Petitioner initiated this action on March 1, 2016, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court screened the petition and ordered service and a response. Respondents first filed a motion to dismiss on the grounds that some of the claims were procedurally defaulted and others noncognizable. The Court ruled on the motion, and dismissed Grounds 1 and 5 as procedurally defaulted and Ground 7 as noncognizable. Respondents filed an answer to the petition on February 21, 2018. (*See* ECF No. 8). Petitioner asserts that he deposited his motion for leave to amend with his institution's mailroom on March 4, 2018. (*See* ECF No. 34 at 3).

Habeas petitions may be amended "as provided in the rules of procedure applicable to civil actions," but the Federal Rules of Civil Procedure apply only "to the extent they are not inconsistent with any statutory provisions, or" the Rules Governing Section 2254 Cases. 28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 15(a)(1) allows a plaintiff the right to amend once as a matter of course within 21 days of service of the complaint, or within the earlier of 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f). Otherwise, amendment is allowed only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2).

Petitioner argues that his amendment is proper as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) because he submitted his proposed amended petition within 21 days of the filing of the answer. Respondents argue that Rule 15(a)(1)(B) conflicts with the habeas rules by allowing amendment after an answer because the habeas rules contemplate only a reply after an answer. Respondents further argue that, even if Rule 15(a)(1)(B) can apply in this context, petitioner did not file his proposed amended petition within the timeline set forth in the rule.

While the Court is not persuaded by respondents' argument that Rule 15(a)(1) conflicts with the habeas rules in this context, it is persuaded that petitioner's amended petition was not timely filed pursuant to Rule 15(a)(1)(B) and therefore cannot be considered an amendment of right.

The Court accepts as true petitioner's representation that he delivered his proposed amended petition to his institution's mailroom for filing on March 4, 2018, even though the document was apparently not actually mailed until several weeks later. That would mean he effectively filed his proposed amended petition within 21 days after respondents served him with their answer. Nevertheless, Rule 15(a)(1) provides for an amendment of right within 21 days of the *earlier* of service of a responsive pleading (*i.e.*, an answer) *or* service of a motion pursuant to

2

Rule 12(b), (e) or (f). Respondents filed a motion to dismiss on October 31, 2016.[1] The deadline for petitioner to file a petition as a matter of course under Rule 15(a)(1)(B) therefore expired long before he submitted his proposed amended petition. Under the express language of Rule 15(a)(1)(B), petitioner was not entitled to a renewed period to amend as a matter of right after the respondents filed their answer. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Accordingly, petitioner's motion to amend his complaint as a matter of course will be denied.

Petitioner may therefore amend only with leave of court. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). Whether a claim is exhausted is a relevant consideration in determining whether amendment would be futile. *See Caswell v. Calderon*, 363 F.3d 832, 837-38 (9th Cir. 2004).

Following review of the original and proposed amended petitions in this case, it is clear that many of the new claims petitioner seeks to add are not exhausted, including but not limited to Grounds 2, 7 and 8. (ECF No. 30-2 at 10, 35 & 39). In addition, petitioner seeks to reintroduce claims that the Court has already dismissed with prejudice, although he asks the Court to reconsider dismissal of those claims "based on the facts in the second amended petition." (*See* ECF No. 30 at 16). Petitioner's arguments that the Court may excuse his failure to exhaust and should reconsider its earlier dismissal of Grounds 1, 5 and 7 are not persuasive. Thus, petitioner's amendment would, in large part, be futile.

---

[1] While the motion to dismiss was not filed expressly pursuant to Rule 12(b), it sought dismissal of several of the claims on both procedural grounds and on the grounds that they failed to state a claim. The motion was therefore, if not expressly at least implicitly, a motion pursuant to Rule 12(b). *See Lively v. Ballard*, 2016 WL 4581420, at *7 (S.D. W. Va. June 3, 2016), *report and recommendation adopted*, 2016 WL 4582076 (S.D. W. Va. Sept. 1, 2016); *Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002).

3

To the extent petitioner seeks to add claims that have been exhausted, or to include additional factual allegations to the claims already in the petition, he has failed to provide good cause for his failure to include the claims and allegations in his original federal petition.

Finally, petitioner has unduly delayed in seeking to amend his petition. Petitioner initiated this action more than two years ago and did not seek leave to amend until respondents' motion to dismiss had been fully resolved and respondents had filed an answer.

Accordingly, petitioner's motion to amend will be denied on the basis that petitioner has unduly delayed, has failed to establish good cause for the failure to include his new claims and additional allegations in the original petition, and because amendment would, as to many of the new claims, be futile. Insofar as petitioner seeks to add additional factual allegations to his existing claims in response to respondents' arguments, in their answer, that the claims lack factual specificity, those allegations are more appropriately raised in the reply.

In accordance with the foregoing, IT IS HEREBY ORDERED that petitioner's motion for leave to amend (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that to the extent petitioner seeks reconsideration of the Court's order on respondents' motion to dismiss, the motion is DENIED WITHOUT PREJUDICE. Should petitioner wish to file a renewed motion for reconsideration, he should specify what facts and arguments justify reconsideration on each claim. A conclusory request that the Court reconsider "based on the facts in the second amended petition" will again be summarily denied.

IT IS FURTHER ORDERED that petitioner shall file any reply to the respondents' answer within thirty days of the date of this order. Petitioner may include additional facts in the reply to the extent necessary to respondents' arguments, in the answer, that the petition lacks certain factual details.

/

/

/

/

IT IS FURTHER ORDERED that respondents will be granted leave to file a supplemental answer addressing any newly raised factual allegations within thirty days of the filing of the reply. Petitioner will have fifteen days after the filing of any supplemental answer within which to file a supplemental reply.

IT IS SO ORDERED.

DATED THIS  22  day of    May   , 2018.

                                                  GLORIA M. NAVARRO
                                                  UNITED STATES DISTRICT JUDGE